UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JESUS AREN GALO                                                    CIVIL ACTION

VERSUS                                                             NO. 13-4874-SS

SHERIFF MARLIN GUSMAN


ORDER AND REASONS

Plaintiff, Jesus Aren Galo, a state pretrial detainee, filed this civil action pursuant to 42 U.S.C. § 1983 against Orleans Parish Sheriff Marlin Gusman. In the complaint, plaintiff claimed that his rights were violated because he was housed with capital offenders at the Orleans Parish Prison. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge.[1]

Defendant has filed a motion for summary judgment.[2] Plaintiff was ordered to respond to that motion on or before April 23, 2014.[3] To date, no response has been filed.

In reviewing a motion for summary judgment, the Court may grant the motion when no genuine issue of material fact exists and the mover is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). There is no "genuine issue" when the record taken as a whole could not lead a rational trier of fact to find for the nonmovant. Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

---

[1] Rec. Doc. 12.

[2] Rec. Doc. 14.

[3] Rec. Doc. 15.

"Procedurally, the party moving for summary judgment bears the initial burden of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact." Taita Chemical Co., Ltd. v. Westlake Styrene Corp., 246 F.3d 377, 385 (5th Cir. 2001) (quotation marks and brackets omitted). The party opposing summary judgment must then "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986) (quoting Fed.R.Civ.P. 56); see also Provident Life and Accident Ins. Co. v. Goel, 274 F.3d 984, 991 (5th Cir. 2001). The Court has no duty to search the record for evidence to support a party's opposition to summary judgment; rather, "[t]he party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which the evidence supports his or her claim." Ragas v. Tennessee Gas Pipeline Co., 136 F.3d 455, 458 (5th Cir. 1998). Conclusory statements, speculation, and unsubstantiated assertions are not competent summary judgment evidence and will not suffice to defeat a properly supported motion for summary judgment. Id.; Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1429 (5th Cir. 1996).

As noted, plaintiff claims that his rights were violated due to the fact that he, a pretrial detainee, was housed with capital offenders. However, it is not *per se* unconstitutional to house pretrial detainees and convicted inmates together. As United States Magistrate Judge Joseph C. Wilkinson, Jr., in an opinion subsequently adopted by United States District Judge Carl Barbier, explained:

In <u>Jones v. Diamond</u>, 636 F.2d 1364 (5th Cir. 1981), the Fifth Circuit stated that

> [t]he confinement of pretrial detainees *indiscriminately* with convicted persons is unconstitutional unless such a practice is 'reasonably related to the *institution's interest in maintaining jail security*,' or physical facilities do not permit their separation. *Of course, if a particular pretrial detainee has a long record of prior convictions or is likely to be violent, imposition of greater security measures is warranted ....* Nonetheless, pretrial detainees have a due process right to be considered individually *to the extent security and space requirements permit*.

<u>Id</u>. at 1374 (quoting <u>Bell v. Wolfish</u>, 441 U.S. 520, 531 (1979)) (additional citations omitted) (emphasis added). Thus, the Fifth Circuit in <u>Jones</u> recognized that the housing of pretrial detainees with convicted inmates may raise constitutional concerns, but only if their classification together is handled indiscriminately without justification, <u>Pembroke v. Wood County</u>, 981 F.2d 225, 228 (5th Cir. 1993), but it also recognized that some circumstances will permit the housing of pretrial detainees with convicted inmates.

Significantly, the classification of inmates is an administrative function of the prison. <u>Jones</u>, 636 F.2d at 1376. Courts accord great deference to prison officials' administrative decisions and will not interfere with legitimate administration without a constitutional violation. <u>Bell</u>, 441 U.S. at 547-48; <u>Smith v. Bingham</u>, 914 F.2d 740, 742 (5th Cir. 1990). "Inmates have a federal right to due process at prison classification ... only if state law contains 'substantive predicates' limiting the prison administrators' discretion to classify, assign, and punish inmates." <u>Ricker v. Leapley</u>, 25 F.3d 1406, 1409 (8th Cir. 1994); <u>accord</u> <u>Woods v. Edwards</u>, 51 F.3d 577, 582 (5th Cir. 1995) (citing <u>Hewitt v. Helms</u>, 459 U.S. 460, 469-70 (1983)); <u>Canterino v. Wilson</u>, 869 F.2d 948, 953 (6th Cir. 1989) (citing <u>Hewitt</u>, 459 U.S. at 472). "Classification of inmates in Louisiana is a duty of the [jailer] and an inmate has no right to a particular classification under state law." <u>Woods</u>, 51 F.3d at 581-82 (quotation omitted).

Thus, "[i]nmates have no protectable property or liberty interest in custodial classification. The classification of prisoners is a matter within the discretion of prison officials. Absent an abuse of discretion, federal courts are loathe to interfere with custodial classifications established by prison officials." <u>Whitley v. Hunt</u>, 158 F.3d 882, 889 (5th Cir. 1998) (citations omitted), <u>abrogated on other grounds by Booth v. Churner</u>, 532 U.S. 732, 735 (2001); <u>accord</u> <u>Jones v. Roach</u>, No. 05-60530, 2006 WL 2474746, at *1 (5th Cir. Aug. 28, 2006); <u>Wilkerson v. Stalder</u>, 329 F.3d 431, 436 (5th Cir. 2003).

The Fifth Circuit's decision in <u>Jones v. Diamond</u> specifically states that limitations on physical facilities might justify housing pretrial detainees with convicted inmates, that pretrial detainees have a right to be considered individually

> only to the extent that security and space requirements permit and that imposition of greater security measures is warranted if an inmate has a long record of prior convictions or is likely to be violent. Jones, 636 F.2d. at 1374.

McKay v. Terrebonne Parish Sheriff's Office, Civ. Action No. 06-5570, 2007 WL 163059, at *4-5 (E.D. La. Jan. 17, 2007) (footnote omitted). See also Burciaga v. County of Lenawee, 123 F. Supp. 2d 1076, 1078 (E.D. Mich. 2000) ("[T]he overwhelming weight of persuasive authority holds that unless the state has an intent to punish, or at least displays an indifference toward potential harm to an inmate, pre-trial detainees have no due process right to be housed separately from sentenced inmates."); Chapman v. Guessford, 924 F. Supp. 30, 33 (D. Del. 1996) ("Pre-trial detainees who are lawfully held pending a trial have no liberty interest in being housed separately from sentenced inmates.").

Here, plaintiff alleges neither that the decision to house him with capital offenders was made indiscriminately without justification nor that the decision was not reasonably related to the institution's interest in maintaining jail security. He also does not allege that his housing assignment was made with an intent to punish him or with deliberate indifference to his safety. Without any such allegations, much less any competent summary judgment evidence in support of any such allegations, this Court has no basis whatsoever for concluding that plaintiff's rights were violated or that any genuine issue of material fact remains in dispute.[4]

---

[4] Moreover, even if plaintiff could establish a constitutional violation, he would still face significant obstacles. In the complaint, he does not specify what form of relief he is seeking in this lawsuit. However, as defendant correctly argues, plaintiff has not alleged that he suffered a physical injury resulting from his housing assignment, and, absent such injury, he would be barred from recovering compensatory damages for mental or emotional injury. 42 U.S.C. § 1997e(e); Herman v. Holiday, 238 F.3d 660, 665-66 (5th Cir. 2001); Weatherspoon v. Normand, Civ. Action No. 10-060, 2010 WL 724171, at *4 (E.D. La. Feb. 22, 2010). The Court further notes that plaintiff is not entitled to injunctive or declaratory relief because he is no longer confined within the Orleans Parish Prison system. Herman, 238 F.3d at 665.

> only to the extent that security and space requirements permit and that imposition of greater security measures is warranted if an inmate has a long record of prior convictions or is likely to be violent. Jones, 636 F.2d. at 1374.

McKay v. Terrebonne Parish Sheriff's Office, Civ. Action No. 06-5570, 2007 WL 163059, at *4-5 (E.D. La. Jan. 17, 2007) (footnote omitted). See also Burciaga v. County of Lenawee, 123 F. Supp. 2d 1076, 1078 (E.D. Mich. 2000) ("[T]he overwhelming weight of persuasive authority holds that unless the state has an intent to punish, or at least displays an indifference toward potential harm to an inmate, pre-trial detainees have no due process right to be housed separately from sentenced inmates."); Chapman v. Guessford, 924 F. Supp. 30, 33 (D. Del. 1996) ("Pre-trial detainees who are lawfully held pending a trial have no liberty interest in being housed separately from sentenced inmates.").

Here, plaintiff alleges neither that the decision to house him with capital offenders was made indiscriminately without justification nor that the decision was not reasonably related to the institution's interest in maintaining jail security. He also does not allege that his housing assignment was made with an intent to punish him or with deliberate indifference to his safety. Without any such allegations, much less any competent summary judgment evidence in support of any such allegations, this Court has no basis whatsoever for concluding that plaintiff's rights were violated or that any genuine issue of material fact remains in dispute.[4]

---

[4] Moreover, even if plaintiff could establish a constitutional violation, he would still face significant obstacles. In the complaint, he does not specify what form of relief he is seeking in this lawsuit. However, as defendant correctly argues, plaintiff has not alleged that he suffered a physical injury resulting from his housing assignment, and, absent such injury, he would be barred from recovering compensatory damages for mental or emotional injury. 42 U.S.C. § 1997e(e); Herman v. Holiday, 238 F.3d 660, 665-66 (5th Cir. 2001); Weatherspoon v. Normand, Civ. Action No. 10-060, 2010 WL 724171, at *4 (E.D. La. Feb. 22, 2010). The Court further notes that plaintiff is not entitled to injunctive or declaratory relief because he is no longer confined within the Orleans Parish Prison system. Herman, 238 F.3d at 665.

Accordingly,

**IT IS ORDERED** that defendant's unopposed motion for summary judgment, Rec. Doc. 14, is **GRANTED** and that plaintiff's claims are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this twenty-ninth day of April, 2014.

                                      **SALLY SHUSHAN**
                                      **UNITED STATES MAGISTRATE JUDGE**